Gerald Barrett, Esq. SBN: 005955
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PHILLIP A. McNALLY as Trustee of the Plaintiff Taft-Hartley Trust Funds; BRYAN DeWITT, as Trustee of the Plaintiff Taft-Hartley Trust Funds; ARIZONA PIPE TRADES HEALTH AND WELFARE TRUST FUND, a Taft-Hartley Trust Fund; ARIZONA PIPE TRADES PENSION FUND, a Taft-Hartley Trust Fund ; ARIZONA PIPE TRADES DEFINED CONTRIBUTION PENSION FUND, a Taft-Hartley Trust Fund; ARIZONA  PIPEFITTING TRADES JOINT APPRENTICESHIP TRUST FUND, a Taft-Hartley Trust Fund; PIPE TRADES INDUSTRY PROGRAM OF ARIZONA, a  Trust; and, LOCAL UNION NO. 469 OF UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING TRADE, a Labor Organization,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>ORACLE CONTROL SYSTEMS, INC., an Arizona Corporation; SERVITEC INC., an Arizona Corporation. | Case No.:<br><br>COMPLAINT |

Plaintiffs allege as follows:

## INTRODUCTION

1.       The various plaintiff employee-benefit trust funds and their representative trustees seek to recover amounts owed by the defendant employers which under the terms of a collective bargaining agreement are obligated each month to accurately report the number of hours worked by their employees and to remit contributions based on the number of reported hours. Defendants have failed to do so.

2.       In *McNally v. Oracle Control Systems,* U. S. District Court No. 4:11-cv-00627 RCC, Plaintiffs sought recovery of amounts owed for worked performed during the period January 1, 2008 through and including December 31, 2010.

3.       In this matter, Plaintiffs seek recovery for amounts due for work performed from February 1, 2011 through November 30, 2012.

4.       The instant claims are summarized, as follows:

A.       Count 1 (LMRA § 301, 29 U.S.C. § 185) and Count 2 (ERISA § 515, 29 U.S.C. § 545) seek entry of an order requiring defendants to pay liquidated damages, in the aggregate amount of $34,586.76,  resulting from its failure to timely file contribution reporting form and pay contributions for work performed during the period February 1, 2011 through August 31, 2012.

B.       Count 3 (LMRA § 301) and Count 4 (ERISA § 515) each seek entry of an order requiring defendants to file a contribution reporting form and to pay contributions for hours worked in September 2011 and all subsequent months together with liquidated damages.

## FACTS COMMON TO ALL COUNTS

5.       Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund;  Plaintiff Arizona Pipefitting Trades Joint Apprenticeship Trust Fund and Plaintiff Pipe Trades Industry Program of Arizona are each the designated third-party beneficiary  to a collective bargaining agreement between

plaintiff Local Union 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry and various contractors, including defendants.

6.      Each of the Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust which is incorporated by reference in said collective bargaining agreements and operates as a Taft-Hartley Trust Fund. See, 29 U.S.C. § 186.

7.      Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

8.      Plaintiffs Bryan DeWitt and Phillip A. McNally are each duly appointed trustees of the above described Plaintiff Taft-Hartley Trust Funds.

9.      Plaintiff Local Union No. 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Industry is a labor organization within the meaning of the federal labor laws.  Plaintiff Local Union No. 469 maintains its principal place of business in Phoenix, Maricopa County, Arizona.

10.     Defendants Oracle Control Systems, Inc. and  Servitec  Inc. (collectively referred to as "Employers" or "Defendants") are each incorporated under the laws of the state of  Arizona.

11.     Defendants, at all times relevant herein, were and continue to transacting business within the State of Arizona as a construction contractor, with its principal offices located in Pima County, Arizona.

12.     Defendants, continuously since October 2007, have been bound by the terms of a collective bargaining agreement with Plaintiff Local Union No. 469 requiring, among other things, defendants to comply with the reporting and payment obligations described herein.

13.     Under the collective bargaining agreement, Defendants were required to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds, listing the names of each employee performing covered work during the prior month and the number of hours worked by each employee.

14.     Under the collective bargaining agreement, Defendants were further obligated to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked pursuant to the contribution rates set forth in the collective bargaining agreement.

15.     The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund and Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund, all of which are incorporated into the collective bargaining agreement, each provide each defendant is required to pay liquidated damages in the event that it fails to timely pay all contributions due and owing and further provide defendants are required to pay plaintiffs' attorney's fees and court costs.

16.     Under the collective bargaining agreement, Defendants were further required to deduct a specified amount from the wages of each employee who signed a dues authorization check off form and remit that to Plaintiff Local Union No. 469 as and for dues payment and a specific sum from each employee who signed an authorization a specific sum as and for a contribution to the political action committee.

**COUNT 1: LMRA § 301 Action to Recover Liquidated Damages
for the Period of February 2011 through August 2012.**

17.     This count is brought to enforce the terms of a collective bargaining agreement.  Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

18.     Venue is appropriate in Maricopa County, for among other reasons, the employee fringe benefit contributions at issue are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

19.     Paragraphs 5 – 16 are incorporated herein.

20.     For work performed during the period of February 1, 2011 through August 31, 2012, defendants filed, but often late, contribution reporting forms on a monthly basis purportedly in compliance with the reporting requirements described in paragraph 13

above and the payment obligations described in paragraph 14 above. The delinquent reports and amounts owed in liquidated damages are summarized as follows:

| Date Received | Work Performed | Defined Contribution | Pension | H&W | TOTAL DUE |
|---|---|---|---|---|---|
| 3/25/2011 | Feb-11 | $111.30 | $112.89 | $217.83 | $442.02 |
| 3/25/2011 | Feb-11 | $644.70 | $607.86 | $1,261.77 | $2,514.33 |
| 3/25/2011 | Feb-11 | $51.30 | $171.00 | $246.24 | $468.54 |
| 5/2/2011 | Mar-11 | $296.10 | $300.33 | $579.51 | $879.84 |
| 5/2/2011 | Mar-11 | $688.45 | $649.11 | $1,347.40 | $2,684.96 |
| 5/2/2011 | Mar-11 | $74.70 | $249.00 | $358.56 | $682.26 |
| 5/31/2011 | Apr-11 | $197.75 | $200.58 | $387.03 | $785.36 |
| 5/31/2011 | Apr-11 | $635.25 | $598.95 | $1,243.28 | $2,477.48 |
| 5/31/2011 | Apr-11 | $48.00 | $160.00 | $230.40 | $438.40 |
| 8/1/2011 | Jun-11 | $77.35 | $78.46 | $151.39 | $307.20 |
| 8/1/2011 | Jun-11 | $655.90 | $618.42 | $1,283.69 | $2,558.01 |
| 9/8/2011 | Jun-11 | $123.55 | $116.49 | $241.81 | $481.85 |
| 9/8/2011 | Jul-11 | $578.55 | $553.76 | $1,223.22 | $2,355.53 |
| 10/7/2011 | Aug-11 | $666.05 | $637.51 | $1,408.22 | $2,711.78 |
| 11/18/2011 | Sep-11 | $441.70 | $422.77 | $933.88 | $1,798.35 |
| 1/27/2012 | Nov-11 | $479.15 | $458.62 | $1,013.06 | $1,950.83 |
| 3/26/2012 | Dec-11 | $404.60 | $387.26 | $855.44 | $1,647.30 |
| 4/2/2012 | Jan-11 | $392.00 | $375.20 | $828.80 | $1,596.00 |
| 4/2/2012 | Feb-11 | $383.25 | $366.83 | $810.30 | $1,560.38 |
| 5/7/2012 | Mar-11 | $223.65 | $214.07 | $472.86 | $910.58 |
| 6/4/2012 | Apr-11 | $207.90 | $198.99 | $439.56 | $846.45 |
| 7/6/2012 | May-11 | $246.75 | $236.18 | $521.70 | $1,004.63 |
| 8/20/2012 | Jun-11 | $225.40 | $215.74 | $476.56 | $917.70 |
| 10/22/2012 | Jul-11 | $222.60 | $216.24 | $527.88 | $966.72 |
| 10/22/2012 | Aug-11 | $300.30 | $291.72 | $712.14 | $1,304.16 |
|  |  | $8,376.25 | $8,437.98 | $17,772.53 | $34,290.66 |

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against defendants Oracle Control Systems, Inc. and Servitec Inc., jointly and severally, for the period of February 1, 2011 through and including August 31, 2012 as follows:

A.    To Plaintiff Arizona Pipe Health and Welfare Trust Fund the sum of $ $17,772.53 as and for liquidated damages.

B.     To Plaintiff Arizona Pipe Trades Pension Trust Fund the sum of $8,437.98 as and for liquidated damages.

C.     To Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund the sum of $8,376.25 as and for liquidated damages.

D.     All other relief, including attorney's fees, deemed just and proper by the Court.

<b><u>COUNT 2</u>:</b> <i>ERISA § 515 Action to  Recover Liquidated Damages<br>for the Period of February 2011 through August 2012.</i>

21.     Plaintiffs incorporate by this reference those matters set forth in paragraphs 5 through 15 and 18.

22.     Plaintiffs second claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

23.     By the acts and conduct alleged and complained herein, defendants  have violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

24.     Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) to recover, among other things,  liquidated damages, attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against defendants Oracle Control Systems, Inc. and Servitec  Inc., jointly and severally, for the period of February 1, 2011 through and including August 31, 2012 as follows:

A.     To Plaintiff Arizona Pipe Health and Welfare Trust Fund the sum of $ $17,772.53 as and for liquidated damages.

B.     To Plaintiff Arizona Pipe Trades Pension Trust Fund the sum of $8,437.98 as and for liquidated damages.

C.     To Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund the sum of $8,376.25 as and for liquidated damages.

D.     All other relief, including attorney's fees, deemed just and proper by the Court.

## COUNT 3: LMRA § 301 Action for Hours Worked in September, 2012 and Subsequent Months.

25.   Plaintiffs' third claim seeks to remedy defendants' breach of their contractual obligation to report hours worked during September 2012 and thereafter and to pay contributions owed as a result of such work.

26.   Plaintiffs incorporate by this reference those matters set forth in Paragraphs 5 – 16.

27.   Defendants worked employees in covered employment in September , 2012 and subsequent months, but have failed to file contribution reporting forms for said work or pay required fringe benefit contributions or remit money deducted from employees' wages for union dues and contributions to the political action committee.

28.   Absent entry of an order compelling defendants' compliance with its reporting and payment obligations, defendants will most likely breach such obligations for future months.

29.   Absent receipt of defendants' monthly reporting forms, plaintiff trust funds will lack an ability to credit plan participants with hours worked creating the risk that such participants will lose health insurance eligibility and not obtain pension credits. In this regard, defendants employees establish eligibility for health insurance and pension credits by working sufficient hours to meet criteria governing each plan.

30.   Defendants' future breaches will irreparably injure employee participants as well as the plaintiff employee benefit plans.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against defendants Oracle Control Systems, Inc. and  Servitec  Inc., jointly and severally, that compels defendants to timely comply with all reporting and payment obligations for hours worked in September 2011 and all subsequent months together with other relief

deemed by the Court to be appropriate including attorneys' fees and pre-judgment interest.

## COUNT 4: *ERISA § 515 Action for Hours Worked in September  2011 and Subsequent Months*

31.     Plaintiffs' fourth claim seeks to remedy address defendants' breach of ERISA for hours worked by employees during August 2011 and thereafter.

32.     Plaintiffs incorporate by this reference those matters set forth in Paragraphs 5 – 15, 18, and 27 – 30.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against defendants Oracle Control Systems, Inc. and  Servitec  Inc., jointly and severally, that compels defendants to timely comply with all reporting and payment obligations for hours worked in September, 2011 and all subsequent months together with other relief deemed by the Court to be appropriate including attorneys' fees and pre-judgment interest.

Dated this 28th day of December, 2012.

S/GERALD BARRETT
Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff